**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005823
29-APR-2015
08:20 AM**

NO. CAAP-13-0005823

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HAWAII COMMUNITY FEDERAL CREDIT UNION,
a Federal Credit Union, Plaintiff-Appellee,
v.
TOM ERNEST SENA, Defendant-Appellant,
and
MARIA ANTONIETA LARREA, BAC HOME LOANS SERVICING, LP,
fka COUNTRYWIDE HOME LOANS SERVICING LP, a Texas
Limited Partnership now known as BANK OF AMERICA,
NATIONAL ASSOCIATION, a national banking association,
Defendants-Appellees
and
JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20,
DOE CORPORATIONS and DOE ENTITLES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 12-1-421K)

———————

BANK OF AMERICA, N.A.,
Successor by Merger to BAC HOME LOANS SERVICING, LP, fka
COUNTRYWIDE HOME LOANS SERVICING, LP,
Plaintiff/Counterclaim Defendant-Appellee,
v.
TOM ERNEST SENA, Defendant/Counterclaim Plaintiff-Appellant,
and
MARIA ANTONIETA LARREA, HAWAII COMMUNITY FEDERAL CREDIT UNION,
TOWNE KEAUHOU LLC, Defendants-Appellees,
and
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE CORPORATION 1-50, DOE ENTITIES 1-50, and
DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-007K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Ginoza, JJ.)

In this foreclosure case, Defendant-Appellant Tom Ernest Sena (Sena) appeals from the Judgment entered on November 25, 2013, in favor of Plaintiff-Appellee Hawaii Community Federal Credit Union (HCFCU) and against "all [d]efendants," including Sena. The Judgment was entered by the Circuit Court of the Third Circuit (Circuit Court)[1] pursuant to its order granting HCFCU's motion for summary judgment, decree of foreclosure, and order of sale.

On appeal, Sena argues that the Circuit Court erred in granting HCFCU's motion for summary judgment because there are genuine issues of material fact regarding whether: (1) HCFCU's note and mortgage are valid; (2) the actions of HCFCU to obtain the subject property by foreclosure constituted unfair and deceptive trade practices; and (3) HCFCU has an enforceable secured interest in the subject property given Sena's claim that the note and mortgage are invalid. We affirm.

I.

HCFCU brought its foreclosure action based on a $150,000 loan it had made to, and a mortgage it had obtained from, Defendant Maria Antonieta Larrea (Larrea). The loan was made pursuant to a home equity credit line agreement (Note) and payment of the loan was secured by a mortgage on the subject property (Mortgage) in favor of HCFCU. Sena's interest in the subject property is based on a quitclaim deed he received from Larrea dated five years after Larrea's execution of the Note and Mortgage. Sena's interest in the subject property is junior and subordinate to the Mortgage.

HCFCU filed its foreclosure complaint after Larrea failed to make payment as required under the Note. Larrea failed to answer the complaint and a default was entered against her. HCFCU subsequently moved for summary judgement against all defendants, decree of foreclosure, and order of sale. In support

_____

[1] The Honorable Ronald Ibarra presided.

of its motion, HCFCU presented evidence that Larrea was in default of her obligations to make payments under the terms of the Note and Mortgage and that she failed to cure the default after receiving proper notice from HCFCU. The Circuit Court granted HCFCU's motion and entered a decree of foreclosure in favor of HCFCU.

II.

We reject Sena's contention that the Circuit Court erred in granting HCFCU's motion for summary judgment. Through its motion for summary judgment, HCFCU established that Larrea had defaulted on her obligations under the Note and Mortgage and that HCFCU was entitled to foreclose on the subject property. In opposing HCFCU's motion for summary judgment, Sena did not "set forth specific facts showing that there is a genuine issue for trial." Hawaiʻi Rules of Civil Procedure Rule 56(e) (2000). On appeal, Sena fails to provide any persuasive argument in support of his claim that the Circuit Court erred in granting summary judgment. For example, Sena contends that the Note and Mortgage, which were signed by Larrea, are invalid because they were not also signed by HCFCU. However, Sena fails to provide any authority establishing that a note and mortgage must be signed by the lender to be valid. We conclude that Sena's contentions on appeal are without merit and that the Circuit Court properly granted summary judgment in favor of HCFCU.

III.

We affirm the Circuit Court's Judgment.

DATED: Honolulu, Hawaiʻi, April 29, 2015.

On the briefs:

Tom Ernest Sena
for Defendant-Appellant

Michael Vieira
Clara Park
(Ashford & Wriston LLLP)
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

3